No. 26-50076
_____

In the United States Court of Appeals for the Fifth Circuit
_____

In re YouTube LLC, Google LLC, and Alphabet, Inc.,
                                                                                                                   Petitioners.
_____

On Petition for a Writ of Mandamus to the
United States District Court for the Western District of Texas
No. 1:25-cv-01095-ADA-ML
_____

**Response to the Request for Emergency Treatment**
_____

Chad Flores
Flores Law PLLC
917 Franklin Street, Suite 600
Houston, Texas 77002
(713) 893-9440

Counsel for Defense Distributed

## Response to the Request for Emergency Treatment

YouTube and Google have filed a motion under Federal Rule of Appellate Procedure 8 for a stay of district court proceedings, seeking both "emergency" treatment and an administrative stay. Doc. 12. Federal Rule of Appellate Procedure 27(a)(3)(A) sets a response deadline of "10 days after service of the motion unless the court shortens or extends the time," and provides that a Rule 8 stay motion "may be granted before the 10-day period runs only if the court gives reasonable notice to the parties that it intends to act sooner." Fed. R. App. P. 27(a)(3)(A).

Defense Distributed will certainly respond to the stay motion on whatever briefing schedule applies. The only question presented now is whether Petitioners have shown a basis to depart from the Rule 27 default. They have not. Emergency treatment is reserved for situations that truly require immediate action, not for ordinary stay motions with an asserted but unexplained date. Because no genuine exigency has been identified, the normal Rule 27 response period should apply.

The motion asserts that February 10 presents a deadline. But it never explains why that date actually changes anything. A date without a reason is not an emergency. Emergency treatment is reserved for genuine exigencies, not for ordinary stay motions accompanied by an unexplained date. Because Petitioners identify no concrete urgency at all, the normal Rule 27 response period should apply.

1

All that YouTube and Google say is that February 10 is the mandate-issuance date in No. 25-51004—the attempted appeal from the transfer order that was swiftly dismissed for lack of appellate jurisdiction. But again, the instant motion never explains why that mandate issuance changes anything. So the point should be ignored. In any event, the motion's unspoken February 10 mandate theory is wrong.

February 10's mandate changes nothing. It does not alter the legal status quo, restore or suspend district-court authority, or create any new irreparable consequence. The motion's silence about mandate significance is telling because Defense Distributed squarely defeated the only conceivable theory long ago. Back in *December*, when everyone had plenty of time for full consideration, Defense Distributed showed that the transfer appeal has no impact on district court authority:

> After the Court decided to deny the Defendants' motion to transfer, Doc. 48, Defendants filed a notice of appeal from that decision, Doc. 50. Then they filed a "Notice of Notice" about a supposed stay of remand proceedings. Doc. 51. Invoking *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56 (1982), Defendants' "Notice of Notice" argues that the transfer appeal's pendency automatically stops the Court from proceeding to resolve the motion to remand. Doc. 51. Not so. The Court retains its full authority to decide the motion to remand and should do so immediately.
>
> *Griggs* divestiture does not occur where the appeal is from an unappealable order. *Griggs* itself recognizes that a "notice of appeal from [an] unappealable order does not divest district court of jurisdiction." *Griggs*, 459 U.S. at 58 (explaining *Ruby v. Sec. of U.S. Navy*, 365 F.2d 385, 389 (9th Cir. 1966) (en banc)). The Fifth Circuit upholds that rule. *See Doucet v. Gulf Oil Corp.*, 783 F.2d 518, 526 (5th Cir. 1986).

> And treatises see that "an appeal from a clearly non-appealable order fails to oust district court authority." 16A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 3949.1 & nn.72-73 (3d ed. West 2025).
>
> . . .
>
> The appeal's jurisdictional defect has been called to the Fifth Circuit's attention via a motion to dismiss the appeal for lack of jurisdiction. No doubt the Fifth Circuit can and likely will dismiss this appeal promptly. But this Court need not wait and should not wait.
>
> The Court should act immediately to disregard the stay "notice" and proceed. "Where the deficiency in a notice of appeal, by reason of untimeliness, lack of essential recitals, or reference to a non-appealable order, is clear to the district court, it may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction." *Ruby*, 365 F.2d at 389. No doubt exists here. The result is clear: Defendants' transfer appeal is jurisdictionally dead on arrival. This Court should therefore "disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction." *Id*.

W.D. Tex. Doc. 53 at 4-7. That analysis has all the more force now that the appeal was dismissed for lack of jurisdiction just as Defense Distributed predicted.

Whether action on the remand motion could ever constitute irreparable harm is a separate question that Defense Distributed will address fully in its response to the mandamus petition. All that need be realized now is that the district court has been free to act on the remand motion since at least December, when Defense Distributed made the governing law unmistakably clear. *See id*. The circumstances Petitioners now label an emergency have existed for months. An exigency that long predated the motion is no exigency at all, and it does not justify emergency treatment.

3

Sound judicial administration favors adherence to the normal Rule 27 briefing schedule. Proceeding on that timeline will allow the Court to consider the stay request in light of Defense Distributed's response to the mandamus petition itself, rather than in isolation. That sequencing ensures the Court has a complete and balanced record before deciding whether any interim relief is warranted. Nothing here requires the Court to act without the benefit of full adversarial presentation.

## Conclusion

A motion seeking emergency treatment must "provide a justification for why such action is needed." 5th Cir. R. 27.3.2. This motion supplies no justification for its requested February 10 action date, and the unprovided reason Petitioners toyed with below is wrong. The motion should be handled according to the normal timeline of Federal Rule of Appellate Procedure 27, making Defense Distributed's response due ten days after the motion. *See* Fed. R. App. P. 27(a)(3)(A).

Respectfully submitted,

/s/ Chad Flores
Chad Flores
chad@chadflores.law
Texas Bar No. 24059759
Flores Law PLLC
917 Franklin Street, Suite 600
Houston, Texas 77002
(713) 893-9440

Counsel for Defense Distributed

**Certificate of Compliance**

This filing complies with the type-volume limitations of the Federal Rules of Appellate Procedure because it contains 998 not-exempted words.

This filing complies with the typeface and typestyle requirements of Federal Rule of Appellate Procedure 32 and Fifth Circuit Rule 32 because it has been prepared in a proportionally spaced typeface in 14-point font using Microsoft Word for Mac Version 16.103.3

/s/ Chad Flores  
Chad Flores