# EXHIBIT A

No. 26-50076

# UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

IN RE YOUTUBE LLC, GOOGLE LLC, AND ALPHABET, INC.

*Petitioners.*

On Petition for Writ of Mandamus from the United States District Court
for the Western District of Texas (No. 1:25-cv-01095-ADA)

# REPLY IN SUPPORT OF PETITION FOR WRIT OF MANDAMUS

Steven J. Wingard
Robyn Hargrove
Eli Barrish
SCOTT DOUGLASS & MCCONNICO LLP
303 Colorado Street, Suite 2400
Austin, TX 78701
(512) 495-6300

Jonathan Patchen
Michael A. Rome
Anika Holland
Madeleine R. Ahlers
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
(415) 693-2000
jpatchen@cooley.com

Connie L. Wang
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304
(650) 843-5000

*Counsel for Petitioners*
*YouTube LLC, Google LLC, and Alphabet, Inc.*

**TABLE OF CONTENTS**

**Page**

ARGUMENT ........................................................................................................1

I.    *Great Lakes* Controls and Requires Mandamus Relief Here. ........................1

      A.    *Great Lakes* Is Not Limited to Maritime and Admiralty Cases...........1

      B.    The District Court's Contravention of Supreme Court Precedent
            In Denying Transfer Requires Mandamus Relief Here. .....................5

II.   Plaintiff's Novel Estoppel and Call-for-the-Views-of-the-Texas-SG
      Arguments Lack Merit.................................................................................7

CONCLUSION ......................................................................................................9

**Page(s)**

**Cases**

*Atl. Marine Const. Co. v. U.S. Dist. Ct.*,
   571 U.S. 49 (2013).................................................................................3

*Byrum v. Landreth*,
   566 F.3d 442 (5th Cir. 2009) ..............................................................5

*Davis v. Meta Platforms, Inc.*,
   No. 4:22-cv-01001, 2023 WL 4670491 (E.D. Tex. July 20, 2023) ....................4

*Defense Distributed v. Bruck*,
   30 F.4th 414 (5th Cir. 2022) ................................................................6

*Great Lakes Insurance SE v. Raiders Retreat Realty Co.*,
   601 U.S. 65 (2024)........................................................................*passim*

*Haynsworth v. The Corp.*,
   121 F.3d 956 (5th Cir. 1997) ............................................................ 2-4

*Int'l Software Sys. Inc. v. Amplicon, Inc.*,
   77 F.3d 112 (5th Cir. 1996) .................................................................3

*Lim v. Offshore Specialty Fabricators, Inc.*,
   404 F.3d 898 (5th Cir. 2005) ...............................................................5

*M/S Bremen v. Zapata Off-Shore Co.*,
   407 U.S. 1 (1972).......................................................................*passim*

*Matthews v. Tidewater, Inc.*,
   108 F.4th 361 (5th Cir. 2024) .............................................................5

*NetChoice, LLC v. Paxton*,
   573 F. Supp. 3d 1092 (W.D. Tex. 2021) ...............................................7

*Ex parte Republic of Peru*,
   318 U.S. 578 (1943)...........................................................................8

*Stewart Org., Inc. v. Ricoh Corp.*,
   487 U.S. 22 (1988).............................................................................3

*In re TikTok, Inc.*,
    85 F.4th 352 (5th Cir. 2023) ...............................................................................6

*In re Volkswagen of Am., Inc.*,
    545 F.3d 304 (5th Cir. 2008) (en banc) ............................................................6

*Weber v. PACT XPP Techs., AG*,
    811 F.3d 758 (5th Cir. 2016) ......................................................................... 3-4

*Ex parte Young*,
    209 U.S. 123 (1908).............................................................................................8

**Statutes**

Texas Civil Practice and Remedies Code Chapter 143A ...................................... 7-9

**Other Authorities**

Federal Rule of Appellate Procedure 44(b) ...............................................................9

# ARGUMENT

The district court's decision denying Defendants' motion to transfer on the ground that Texas's public policy against forum-selection clauses overrode the federal presumption in favor of such clauses directly conflicts with on-point Supreme Court precedent. That is the definition of clear legal error. Plaintiff's attempt to distinguish *Great Lakes* falls flat, so it resorts to a mishmash of equally unpersuasive arguments—invoking decisions that predate and were superseded by *Great Lakes*, proposing a novel and legally baseless doctrine of venue estoppel based on choices made by a different party in different litigation involving different facts, and asking this Court to engage in the unusual maneuver of calling for the views of the Texas Solicitor General on an issue indisputably governed by federal law.

The petition speaks for itself and shows why mandamus relief is warranted. Defendants submit this short reply to correct Plaintiff's mischaracterization of *Great Lakes* and explain why its new ploys to evade or delay mandamus should be disregarded.

## I. *Great Lakes* Controls and Requires Mandamus Relief Here.

### A. *Great Lakes* Is Not Limited to Maritime and Admiralty Cases.

In *Great Lakes Insurance SE v. Raiders Retreat Realty Co.*, 601 U.S. 65 (2024), the Supreme Court squarely held that consideration of *state* (as opposed to federal or foreign) public policy is not permitted under *The Bremen*'s exception for

when "enforcement would contravene a strong public policy of the forum in which suit is brought," *id.* at 78 (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972) ("*The Bremen*")). Thus, the district court directly contravened Supreme Court precedent by holding that the forum-selection clauses at issue here are unenforceable because enforcing them "would contravene a strong public policy" of Texas. App.20. The district court's decision relied on Fifth Circuit cases expressly invoking this public-policy exception from *The Bremen*. *See, e.g.*, App.18, 20 (quoting *Haynsworth v. The Corp.*, 121 F.3d 956, 963 (5th Cir. 1997)). Since *Great Lakes* expressly cabins *The Bremen*'s public-policy exception and makes clear that it does not include *state* public policy, the district court's decision to apply Texas public policy through that exception was clear error.

Unable to deny the irreconcilable conflict between the district court's holding and *Great Lakes*, Plaintiff claims that *Great Lakes* actually does not apply here at all because it is limited to the maritime and admiralty contexts. Resp. 15-16. That is incorrect.

When the Supreme Court held in *Great Lakes* that state public policy is irrelevant, it expressly stated that it was interpreting the "sentence in *The Bremen* stating that a 'contractual choice-of-forum clause should be held unenforceable if enforcement would contravene a strong public policy of the forum in which suit is brought.'" 601 U.S. at 78 (quoting *The Bremen*, 407 U.S. at 15). And,

2

notwithstanding that *The Bremen* was itself an admiralty case, it is well-established that *The Bremen* and its framework for assessing the enforceability of forum-selection clauses applies outside the maritime and admiralty contexts. "Just two years" after *The Bremen* was decided, the Supreme Court "extended *The Bremen*'s holding beyond the realm of admiralty by applying it to a claim brought under the federal securities laws." *Haynsworth*, 121 F.3d at 962; *see Atlantic Marine Const. Co. v. U.S. Dist. Ct.*, 571 U.S. 49, 64 (2013) ("*Bremen's* 'reasoning applies with much force to federal courts sitting in diversity'" (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988) (Kennedy, J., concurring))). "Following that cue, this [C]ourt and others have not hesitated to apply these federal enforceability standards in non-admiralty cases." *Haynsworth*, 121 F.3d at 962.[1]

As this Court explained in *Haynsworth*: "*The Bremen's* rules extend to . . . determinations based on forum selection clauses in diversity cases." 121 F.3d at 962 (citing *Int'l Software Sys. Inc. v. Amplicon, Inc.*, 77 F.3d 112, 114-15 (5th Cir. 1996)). Put simply, since *The Bremen*'s rules indisputably extend to a diversity case (like this one), a subsequent Supreme Court decision interpreting the scope of those rules does as well.

---

[1] *See, e.g.*, *Stewart*, 487 U.S. at 24 (diversity case involving dispute between marketer and manufacturer of copier products); *Haynsworth*, 121 F.3d at 958-61 (diversity case involving an insurance-underwriting exchange); *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 763 (5th Cir. 2016) (diversity case involving compensation dispute between technology start-up and its former CEO).

Even Plaintiff concedes that *The Bremen* applies outside of maritime and admiralty cases. Despite claiming that "there is no need to follow [*The*] *Bremen*'s thinking" here, Resp. 16, Plaintiff sets out the "test for enforceability of forum selection clauses" applicable to this case by citing *The Bremen* five times in a row, *id.* at 12-13. And it cannot deny that the two main cases on which it relies, *Haynsworth* and *Weber*, are diversity cases in which this Court applied *The Bremen* as squarely applicable Supreme Court precedent. *See Haynsworth*, 121 F.3d at 962-63; *Weber*, 811 F.3d at 773 (quoting *Haynsworth*, 121 F.3d at 963, which quotes *The Bremen*, 407 U.S. at 15).

Ultimately, the chain of reasoning is straightforward: *Great Lakes* expressly and authoritatively interpreted *The Bremen*. Plaintiff concedes that *The Bremen* governs this case. Therefore, *Great Lakes*'s holding that state public policy is irrelevant to *The Bremen*'s public-policy exception governs this case.

Undeterred, Plaintiff insists that this Court's decisions in *Haynsworth* and *Weber* (and the district courts' decisions in *Davis* and *Wise Guys*) control here, not *Great Lakes*. *See* Resp. 15; *id.* at 20-22 (citing *Davis v. Meta Platforms, Inc.*, No. 4:22-cv-01001, 2023 WL 4670491 (E.D. Tex. July 20, 2023); *Wise Guys I v. Meta Platforms, Inc.*, No. 3:23-cv-0217-X, 2023 WL 8434452 (N.D. Tex. Dec. 4, 2023)). But all of those cases were decided *before Great Lakes*. And, to state the obvious, an on-point Supreme Court decision supersedes any conflicting courts of

appeals or district court decisions that came before it. *See Byrum v. Landreth*, 566 F.3d 442, 450 n.9 (5th Cir. 2009) (dismissing three Fifth Circuit cases as "provid[ing] little guidance" because they "predate" relevant Supreme Court precedent); Resp. 15 (Plaintiff conceding that "a prior panel decision" is no longer good law when it conflicts with "controlling Supreme Court precedent" (citation omitted)). So however this Court may have previously interpreted *The Bremen*, the Supreme Court's interpretation of *The Bremen* in *Great Lakes* now controls.[2]

B. **The District Court's Contravention of Supreme Court Precedent In Denying Transfer Requires Mandamus Relief Here.**

Plaintiff ultimately falls back on the mandamus standard, claiming that even if there was error here, "[n]othing extraordinary enough to warrant mandamus is afoot." Resp. 10. Plaintiff effectively argues (at 34-37) that mandamus relief is not warranted here because the decision below was a mere transfer denial. But as this Court clarified by dismissing Defendants' collateral-order appeal, App.339, transfer orders are not appealable, so mandamus is the only means by which to seek review of an erroneous transfer denial. Directing litigants who seek to challenge a transfer denial to mandamus only to turn them away on the ground that they are challenging a transfer denial would create an illogical Catch-22. And it would be contrary to

---

[2] This Court had not, prior to *Great Lakes*, authoritatively answered the question of whether state public policy is relevant under *The Bremen*'s public-policy exception to enforceability. Indeed, *Matthews* and *Lim* identified it as an open question. *See Matthews v. Tidewater, Inc.*, 108 F.4th 361, 369 (5th Cir. 2024); *Lim v. Offshore Specialty Fabricators, Inc.*, 404 F.3d 898, 905 (5th Cir. 2005).

Fifth Circuit precedent recognizing that mandamus is a proper remedy for improper transfer denials because the harm from an erroneous denial cannot be remedied after the fact: if a party is forced to litigate in the wrong venue, a court cannot unring that bell. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 319 (5th Cir. 2008) (en banc).

If the Court needed any additional reason to grant mandamus here, it should do so because it would "have an importance beyond the immediate case," *Volkswagen*, 545 F.3d at 319, for this Court to announce that *Great Lakes* has definitively resolved what was previously left unanswered and therefore "improve 'consistency of outcomes' by further instructing when transfer is—or, for that matter, is not—warranted in response to a § 1404(a) motion," *In re TikTok, Inc.*, 85 F.4th 352, 367 (5th Cir. 2023); *see supra* n.2.

Plaintiff also claims that *TikTok* and *Defense Distributed v. Bruck*, 30 F.4th 414 (5th Cir. 2022), were "extraordinary" transfer cases in a way that this case is not, Resp. 36-38—but both were cases in which the district court improperly weighed the private- and public-interest factors. *See TikTok*, 85 F.4th at 358 (The district court's "finding that five of the eight factors were neutral, and three weighed against transferring . . . 'was a clear abuse of discretion.'" (citation omitted)); *Bruck*, 30 F.4th at 434 ("The district court abused its discretion . . . in weighing the transfer factors."). Surely incorrectly weighing factors in a multifactor balancing test is no more extraordinary than directly contradicting Supreme Court precedent.

**II.  Plaintiff's Novel Estoppel and Call-for-the-Views-of-the-Texas-SG Arguments Lack Merit.**

Grasping at straws, Plaintiff introduces two new arguments only tangentially related to the legal issues raised in the Petition: (1) that Defendants are estopped from invoking the forum-selection clauses to which Plaintiff agreed because of NetChoice's decisions in separate litigation, and (2) that this Court should prolong these expedited mandamus proceedings by undertaking the unusual move of calling for the views of the Texas Solicitor General on a matter of federal law.  Both arguments are baseless.

*First*, Plaintiff's assertion that NetChoice's decision to file a constitutional challenge to HB 20 (codified as Chapter 143A) in the Western District of Texas estops Defendants from relying on forum-selection clauses requiring this case to be litigated in California is meritless.  NetChoice is a legally distinct entity from Defendants that represents numerous other members.  And the *Paxton* case was a pre-enforcement challenge against the Attorney General of Texas seeking to enjoin enforcement of HB 20, and thus, unlike this case, did not involve claims by a Google or YouTube user filed in violation of contractual forum-selection clauses.  *See NetChoice, LLC v. Paxton*, 573 F. Supp. 3d 1092, 1099-1101 (W.D. Tex. 2021).  Plaintiff has no cogent theory as to why NetChoice's decision where to file its case estops Defendants from relying on their own concededly mandatory and controlling forum-selection clauses here.  And critically, this supposed estoppel does

not fall within any of the four *Bremen* exceptions to enforceability of forum-selection clauses.

In addition, the venue considerations in the two cases are materially different. Consistent with *Ex parte Young*, 209 U.S. 123 (1908), NetChoice's lawsuit to enjoin enforcement of HB 20 was filed against Ken Paxton, the Attorney General of Texas. *See* Complaint for Declaratory and Injunctive Relief ¶ 41, *NetChoice v. Paxton*, No. 1:21-cv-00840 (W.D. Tex. Sept. 22, 2021), Dkt. No. 1. Because Paxton, as "the only Defendant" and the person against whom an injunction would be entered and enforced, "resides in Austin, Texas," the natural venue was the Western District of Texas. *Id.* ¶ 43. There is no comparable justification to litigate in Texas here. The Defendants are all based in California, and, more importantly, Plaintiff and Defendants agreed to a California venue through the forum-selection clauses.

*Second*, at the very end of its brief, Plaintiff tacks on request for this Court to "call for the views of the Solicitor General of Texas." Resp. 38. The Court should decline that odd and unprecedented invitation, which would unnecessarily prolong what are intended to be "expeditious" mandamus proceedings. *Ex parte Republic of Peru*, 318 U.S. 578, 583 (1943); *see also* D. Ct. Dkt. No. 62 at 6-7 (Plaintiff claiming that it would be substantially prejudiced by any delay). As Plaintiff is forced to acknowledge (at 39), the petition does not challenge the constitutionality of Chapter

143A.  *Cf.* Fed. R. App. P. 44(b).  And it is undisputed that the petition presents a question of federal law.  *See* App.157 (Plaintiff admitting that "federal law governs the enforceability test").  The Texas Solicitor General has no special expertise in assessing whether a federal district court contravened U.S. Supreme Court precedent in deciding that federal enforceability question.

## CONCLUSION

For the foregoing reasons, Petitioners request that this Court issue a writ of mandamus ordering the district court to transfer the case to the Northern District of California.

Dated:  February 17, 2026

Respectfully submitted,

*/s/ Jonathan Patchen*
Jonathan Patchen
Michael A. Rome
Anika Holland
Madeleine R. Ahlers
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
(415) 693-2000
jpatchen@cooley.com

Connie L. Wang
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304
(650) 843-5000

Steven J. Wingard
Robyn Hargrove

Eli Barrish
SCOTT DOUGLASS & McCONNICO LLP
303 Colorado Street, Suite 2400
Austin, TX 78701
(512) 495-6300

*Counsel for Petitioners YouTube LLC,*
*Google LLC, and Alphabet, Inc.*

## CERTIFICATE OF SERVICE

I certify that on February 17, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

*/s/ Jonathan Patchen*
Jonathan Patchen

## CERTIFICATE OF COMPLIANCE

I certify that:

1.     This brief complies with the type-volume limitations of Federal Rule of Appellate Procedure 21(d)(1) because it consists of 2,054 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 21(d) and Fifth Circuit Rule 21.

2.     This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6), as incorporated by Federal Rules of Appellate Procedure 21(d) and 32(c)(2), because it has been prepared in a proportionally spaced, serif typeface using Microsoft Word in 14-point Times New Roman font.

*/s/ Jonathan Patchen*
Jonathan Patchen