

**Flores Law PLLC**
917 Franklin Street, Suite 600
Houston, Texas 77002
(713) 364-6640

February 23, 2026

United States Court of Appeals for the Fifth Circuit
Lyle W. Cayce, Clerk of Court
600 South Maestri Place, Suite 115
New Orleans, Louisiana 70130-3408

Re:   No. 26-50076, *In re YouTube LLC*

Dear Mr. Cayce,

*In re TruBridge, Inc. v. Hosp. Serv. Dist. No. 1 of the Par. of LaSalle*, No. 25-30727, 2026 WL 252660 (5th Cir. 2026) (unpublished) (rehearing deadline expired Feb. 14, 2026), forecloses the central premise of YouTube and Google's petition for exactly the reasons Defense Distributed argues.

Defense Distributed argues that Section 1404(a)'s enforceability test is governed by federal law *that incorporates the forum State's public policy*, and that the Texas public policy codified by Chapter 143A renders these forum-selection clauses unenforceable. Doc. 32 at 11–27 (Response Part I.A.). Under *Haynsworth* and its progeny, that state public policy supplies the rule of decision and ends the Section 1404(a) inquiry. *Id.*

*TruBridge* used that very same framework to deny mandamus on reasoning that controls here. As to doctrine, the panel relied on *Haynsworth* to hold that Section 1404(a) incorporates the forum State's public policy in an ordinary diversity case, rejecting the argument that federal law requires a different analysis. Op. at 5–7. Then *TruBridge* held that its clauses were rendered unenforceable by a Louisiana statute that Chapter 143A at least matches, if not exceeds, in clarity and force.

YouTube and Google's petition fails for the same reason Trubridge's did. A state statute declares the forum-selection clauses void as against public policy. The district court applied that statute through the federal framework *Haynsworth* prescribes. Mandamus does not lie to second-guess that result.

Sincerely,

Chad Flores
Flores Law PLLC
917 Franklin Street, Suite 600
Houston, Texas 77002
(713) 893-9440

Counsel for Defense Distributed

# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
January 30, 2026
Lyle W. Cayce
Clerk

No. 25-30727

_____

In re TruBridge, Incorporated,

*Petitioner*,

_____

Hospital Service District No. 1 of the Parish of LaSalle, *doing business as* Hardtner Medical Center,

*Respondent*.

_____

Petition for a Writ of Mandamus
to the United States District Court
for the Western District of Louisiana
USDC No. 1:25-CV-495

_____

Before Stewart, Willett, and Wilson, *Circuit Judges*.

Per Curiam:[*]

    Hospital Service District No. 1 of the Parish of LaSalle d/b/a Hardtner Medical Center ("Hardtner") filed suit against TruBridge, Inc. ("TruBridge") in the Western District of Louisiana, seeking a declaratory judgment that the parties' contract is null and void. TruBridge filed a motion to transfer venue based on the contract's forum-selection clause, which

___

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-30727

designates the Southern District of Alabama as the venue for certain disputes pursuant to the agreement. The district court held that Louisiana has a strong public policy against forum-selection clauses in public contracts and that the forum-selection clause is therefore unenforceable. It also held that there were no other reasons for voluntary transfer and ultimately denied the motion. TruBridge filed this petition for writ of mandamus. For the following reasons, the petition for writ of mandamus is DENIED.

## I

Hardtner is an entity established "by an ordinance of the Lasalle Parish Police Jury" that "operates as a general hospital" in LaSalle Parish, Louisiana. In June 2021, Hardtner and TruBridge entered into a Cloud Electronic Health Record Service Agreement (the "Agreement"). Pursuant to that Agreement, TruBridge was to "provide certain services in connection with electronic health records" and provide "access to certain computer software systems." Among other provisions, the Agreement contained a forum-selection clause:

> This Agreement shall be construed and enforced under the laws of the State of Alabama, excluding any rules as to choice and conflict of law. The exclusive and sole venue for any action brought to enforce or interpret this Agreement shall be the state and federal courts situated in Mobile County, Alabama and each party hereby consents to the exercise of personal and subject-matter jurisdiction by such courts.

On April 14, 2025, Hardtner filed suit against TruBridge in the Western District of Louisiana, seeking a declaration that the parties' Agreement is null and void and, in the alternative, asserting claims for breach of contract and fraudulent misrepresentation. TruBridge moved to transfer venue to the Southern District of Alabama pursuant to 28 U.S.C. § 1404(a), arguing that the parties' Agreement contained a binding forum-selection

clause that designates state and federal courts in Mobile County, Alabama as the venue for any related contract action. TruBridge argued that the forum-selection clause was binding and valid, the dispute fell within the scope of the clause, and the public interest factors weighed in favor of transfer.

The district court denied the motion to transfer. It held that Hardtner was a political subdivision within the meaning of Louisiana Revised Statute section 9:2778, which enunciates a strong public policy against forum-selection clauses binding political subdivisions in Louisiana. It distinguished Hardtner from the plaintiff in *Matthews v. Tidewater, Inc.*, 108 F.4th 361, 370 (5th Cir. 2024), pointing out that unlike the dispute there, "this case involves only state law claims, and the alleged injuries suffered in this case were suffered in Louisiana." It concluded that the forum-selection clause was unenforceable. It then held that there "is also no basis for voluntary transfer . . . because neither the convenience of the parties and witnesses nor the interest of justice would counsel transferring this suit to Alabama."

TruBridge then filed this writ of mandamus, seeking an order compelling the district court to transfer its dispute to the Southern District of Alabama.

## II

"[T]he writ is an extraordinary remedy." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 311 (5th Cir. 2008) (en banc). Therefore, "[t]he Supreme Court instructs this court to grant mandamus relief only upon a showing of 'exceptional circumstances amounting to a judicial usurpation of power' or 'a clear abuse of discretion.'" *In re Volkswagen AG*, No. 23-40487, 2023 WL 8074229, at *1 (5th Cir. Nov. 21, 2023) (per curiam) (quoting *Cheney v. U.S.*

*Dist. Ct.*, 542 U.S. 367, 380 (2004)). Mandamus relief is warranted where three conditions are met:

> First, the party seeking issuance of the writ [must] have no other adequate means to attain the relief he desires . . . . Second, the petitioner must satisfy the burden of showing that [his] right to issuance of the writ is clear and indisputable. Third, even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances.

*In re Rolls Royce Corp.*, 775 F.3d 671, 675 (5th Cir. 2014) (quoting *Cheney*, 542 U.S. at 380–81).

### III

### A

Hardtner does not dispute that the first requirement for a petition for writ of mandamus is satisfied here. However, given the extraordinary nature of the writ, we briefly address whether that requirement has been met. "This court, sitting en banc, has previously concluded that the first requirement of mandamus—that a petitioner lack any other adequate means to attain the desired relief—is 'certainly satisfied' in venue transfer petitions." *In re Media Matters for Am.*, 143 F.4th 631, 636 (5th Cir. 2025) (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d at 318–19); *see In re Rolls Royce Corp.*, 775 F.3d at 676. Therefore, TruBridge has satisfied the first condition for mandamus.

### B

The second requirement for mandamus is that the petitioner's entitlement to the writ is "clear and indisputable." *Cheney*, 542 U.S. at 381. This second requirement "captures the essence of the disputed issue presented in [a venue transfer petition]." *In re Media Matters for Am.*, 143

F.4th at 638 (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d at 311). "We look to whether there has been a 'clear abuse of discretion,' which, under our circuit precedent, includes situations where the district court 'relies on erroneous conclusions of law' which 'produce a patently erroneous result.'" *In re Rolls Royce Corp.*, 775 F.3d at 677 (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d at 310).

1

In *Atlantic Marine*, the Supreme Court explained the two distinct analyses that may govern rulings on a section 1404(a) motion. *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 62–66 (2013) ("*Atlantic Marine*"). First is the "typical case, not involving a forum-selection clause." *Id.* at 62. In that case, the district court "must evaluate both the convenience of the parties and various public-interest considerations." *Id.* Second is the case of parties whose "contract contains a *valid* forum-selection clause." *Id.* at 63 (emphasis added). "When the parties hold a valid forum[-]selection clause, *Atlantic Marine* alters the normal section 1404 analysis." *In re Rolls Royce Corp.*, 775 F.3d at 678; *see Atlantic Marine*, 571 U.S. at 63 ("The calculus changes . . . when the parties' contract contains a valid forum-selection clause."); *see also id.* at 62 n.5 ("Our analysis presupposes a contractually valid forum-selection clause."). Therefore, the threshold issue is whether a valid forum-selection clause exists. The answer to that question will instruct us on which analytical framework the district court was to apply to the section 1404(a) motion.

The parties agree that we must apply federal law to determine whether the forum-selection clause is valid. *See Barnett v. DynCorp Int'l, L.L.C.*, 831 F.3d 296, 301 (5th Cir. 2016) ("[F]ederal law governs the 'enforceability' of forum-selection clauses in this circuit."); *Haynsworth v. The Corp.*, 121 F.3d 956, 962 (5th Cir. 1997). Under federal law, forum-selection clauses enjoy a

strong presumption of enforceability. *See Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 773 (5th Cir. 2016) (citing *Haynsworth*, 121 F.3d at 962–63). However, "[t]he presumption of enforceability may be overcome . . . by a clear showing that the clause is '"unreasonable" under the circumstances.'" *Haynsworth*, 121 F.3d at 963 (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972)). This court has previously discussed what may constitute unreasonableness for the purposes of this standard:

> Unreasonableness potentially exists where (1) the incorporation of the forum-selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum-selection clause would contravene a strong public policy of the forum state.

*Id.*

Here, the district court held that enforcement of the forum-selection clause would be unreasonable because it would contravene a strong Louisiana public policy against public contracts. Its conclusion was primarily based on the statutory language contained in Louisiana Revised Statute 9:2778 (declaring forum selection clauses in contracts with public entities inequitable, against the policy of the state, and accordingly null, void, and unenforceable), and the Louisiana Supreme Court's statements that the statute evinces a "strong public policy" prohibiting forum-selection clauses with public entities. *See Police Jury of Calcasieu Par. v. Indian Harbor Ins. Co.*, 2024-00449 (La. 10/25/24), 395 So. 3d 717, 727–28.

The district court also acknowledged and distinguished this court's decision in *Matthews*. 108 F.4th 361. In that case, this court held that a

different Louisiana statute promulgating a strong public policy against forum-selection clauses in a particular context was insufficient to render the clause unenforceable because the plaintiff was not a Louisiana citizen, had few connections to Louisiana, suffered the injury at issue while outside of the country, and the selected venue was a foreign forum. *See id.* at 370. We thus concluded that the plaintiff was not the object of the statute declaring forum-selection clauses in that context contrary to public policy, and thus the policy did not work to render the clause in that contract unenforceable. *Id.* But those considerations are not present here. As the district court observed, "Hardtner is a political subdivision of the State of Louisiana, this case involves only state law claims, and the alleged injuries suffered in this case were suffered in Louisiana. Therefore, Hardtner is squarely the object of [section] 9:2778."

TruBridge contends that the district court erred by applying Louisiana law and giving it "dispositive weight." However, the district court applied federal law, which incorporates state law by design, by allowing an exception to enforceability where "enforcement of the forum[-]selection clause would contravene a strong public policy of the forum state." *Haynsworth*, 121 F.3d at 963. Therefore, the district court's examination of Louisiana law and subsequent conclusion that it has a strong public policy against forum-selection clauses in this context was appropriate. Because there was no valid forum-selection clause, the district court was not obligated to undertake the modified *Atlantic Marine* transfer analysis. Instead, the district court was simply required to undergo the traditional section 1404(a) analysis, which we consider next.

**2**

We next consider whether the district court undertook the venue analysis required by section 1404(a) and conclude that it did. Section 1404(a)

allows district courts to, on motion, transfer a civil action "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "A 'district court should grant a motion to transfer venue under [section] 1404(a)' when 'the movant demonstrates that the transferee venue is clearly more convenient.'" *In re Media Matters for Am.*, 143 F.4th at 638 (quoting *In re TikTok, Inc.*, 85 F.4th 352, 358 (5th Cir. 2023)).

Here, after concluding that the forum selection clause was unenforceable, the district court proceeded to consider the factors for venue transfer and held that transfer is not warranted. Its holding did not rely solely upon its determination regarding the forum selection clause. Thus, its determination as to the forum selection clause was not dispositive.[1] Given those circumstances, the district court's venue analysis does not constitute an "exceptional circumstance[] amounting to a judicial usurpation of power" nor "a clear abuse of discretion." *See Cheney*, 542 U.S. at 380.

In sum, TruBridge has failed to meet the second condition of mandamus, that is, that the right to issuance of the writ is clear and indisputable. *See In re Rolls Royce Corp.*, 775 F.3d at 675.

---

[1] The district court's order in this case is significantly different than the district court order under scrutiny in *In re Media Matters*, 143 F.4th 631 (5th Cir. 2025). The district court in *In re Media Matters* explicitly disclaimed the necessity to undertake review of the factors regarding venue transfer, instead stating that because the motion was not timely, "the [c]ourt d[id] not consider 'the convenience of the parties and various public-interest considerations'" as dictated by section 1404(a). *X Corp. v. Media Matters for Am.*, No. 23-CV-01175, 2025 WL 1934464, at *4 (N.D. Tex. May 2, 2025). In other words, that district court made an affirmative representation that it did not, and would not, undertake the required venue analysis. Here, the district court explicitly considered the convenience of the parties and various public-interest considerations but simply concluded that none warranted transfer.

## C

The third requirement of mandamus is that a writ is appropriate under the circumstances. *Cheney*, 542 U.S. at 381. "'[H]aving found that [TruBridge] lacks a clear and indisputable right to mandamus, we also find that mandamus is not 'appropriate under the circumstances.'" *Dondero v. Jernigan*, No. 24-10287, 2025 WL 1122466, at *7 (5th Cir. Apr. 16, 2025) (per curiam) (citing *Cheney*, 542 U.S. at 380–81).

## IV

For the foregoing reasons, the petition for writ of mandamus is DENIED.