

Jonathan Patchen  
T: +1 415 693 2534  
jpatchen@cooley.com

SUBMITTED VIA CM/ECF

February 23, 2026

United States Court of Appeals for the Fifth Circuit  
Lyle W. Cayce, Clerk of Court  
600 S. Maestri Place, Suite 115  
New Orleans, LA 70130-3408

**Re:  No. 26-50076, *In re YouTube L.L.C.*  
Defense Distributed's Notice of Supplemental Authority (Dkt. 46)**

Dear Mr. Cayce,

Petitioners respectfully submit this response to Respondent Defense Distributed's Notice of Supplemental Authority (Dkt. 46) ("DD Letter"). For at least two independent reasons, *In re TruBridge, Inc. v. Hosp. Serv. Dist. No. 1 of the Par. of LaSalle*, No. 25-30727, 2026 WL 252660 (5th Cir. 2026) (unpublished), does nothing to undermine the conclusion that the district court committed clear legal error by denying transfer in this case. If anything, *TruBridge* underscores the critical importance of granting mandamus relief here to ensure that this Court's decisions align with recent and binding Supreme Court precedent.

*First*, *TruBridge* does not "foreclose the central premise of [Petitioner's] petition," DD Letter at 1. As detailed in the petition, the Supreme Court held in *Great Lakes Ins. SE v. Raiders Retreat Realty Co.*, 601 U.S. 65 (2024), that when evaluating the enforceability of a forum-selection clause, state public policy is irrelevant to the analysis. Dkt. 2 at 19-21. And because *Great Lakes* expressly cabins the public-policy exception outlined in *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972) ("*The Bremen*"), and makes clear that it does not include *state* public policy, the district court's decision to apply Texas public policy through that exception constituted clear error. *TruBridge* does not *mention*, let alone refute the applicability of, the Supreme Court's unanimous decision in *Great Lakes*. And the parties' briefs in *TruBridge* likewise made no mention of *Great Lakes*. *See In re TruBridge, Inc.*, No. 25-30727 at Dkt. 2 (mandamus petition), Dkt. 6 (response), Dkt. 40 (reply) (no citation to *Great Lakes*). A decision that does not even consider the central premise of the petition cannot foreclose mandamus relief based on that premise.

*Second*, Respondent asserts that *TruBridge*'s reasoning "controls" the resolution of Petitioners' mandamus petition. DD Letter at 1. Not so: "[u]npublished opinions are not binding on this court." *Gate Guard Servs., L.P. v. Perez*, 792 F.3d 554, 561 n.3 (5th Cir. 2015); *see also* 5th Cir. R. 47.5.4 ("Unpublished decisions issued on or after January 1, 1996, are not precedent."). Nor does the rule of orderliness render *TruBridge* controlling. *See Hinkley v. Envoy*

*Air, Inc*., 968 F.3d 544, 554 (5th Cir. 2020) (the rule of orderliness only "compels" adherence to on-point "published opinions" (citation omitted)). To be sure, unpublished opinions may sometimes serve as persuasive authority, but *TruBridge* lacks persuasive value here given that it failed to address recent and on-point Supreme Court precedent that controls the outcome of this case.

Finally, Petitioners respectfully submit that *TruBridge* exemplifies the need for this Court to update and harmonize its precedent with *Great Lakes*, a unanimous and directly relevant Supreme Court decision that this court is "duty-bound to follow." *Hoffman v. Westcott*, 131 F.4th 332, 336 (5th Cir. 2025), *cert. dismissed*, 145 S. Ct. 1951 (2025). Granting mandamus here and announcing that *Great Lakes* has definitively resolved the question of whether *The Bremen*'s public-policy exception permits consideration of state public policy would "have an importance beyond the immediate case," *In re Volkswagen of Am., Inc*., 545 F.3d 304, 319 (5th Cir. 2008) (en banc), and "improve 'consistency of outcomes'" with Supreme Court precedent in venue-transfer cases involving forum-selection clauses, *In re TikTok, Inc.*, 85 F.4th 352, 367 (5th Cir. 2023). This case therefore presents an ideal opportunity for this Court to ensure that its venue-transfer jurisprudence is squarely aligned with the Supreme Court's decisions on the subject.

Sincerely,

[signature]

| | |
|---|---|
| Jonathan Patchen | Steven J. Wingard |
| Michael A. Rome | Robyn Hargrove |
| Anika Holland | Eli Barrish |
| Madeleine R. Ahlers | SCOTT DOUGLASS & MCCONNICO LLP |
| COOLEY LLP | 303 Colorado Street, Suite 2400 |
| 3 Embarcadero Center, 20th Floor | Austin, TX 78701 |
| San Francisco, CA 94111 | (512) 495-6300 |

Connie L. Wang
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304
(650) 843-5000

*Counsel for Petitioners YouTube LLC, Google LLC, and Alphabet, Inc.*