# In the United States Court of Appeals for the Fifth Circuit

IN RE YOUTUBE LLC, GOOGLE LLC, AND ALPHABET, INC.,

Petitioners.

On Petition for a Writ of Mandamus to the United States District Court for the Western District of Texas, Austin Division

## OPPOSED MOTION FOR LEAVE TO FILE AN OUT OF TIME AMICUS BRIEF IN SUPPORT OF RESPONDENT

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

Office of the Attorney General
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
(512) 936-1700

WILLIAM R. PETERSON
Solicitor General

NATHANIEL A. PLEMONS
Assistant Solicitor General
Nathaniel.Plemons@oag.texas.gov

*Counsel for Amicus Curiae the State of Texas*

# Supplemental Certificate of Interested Persons

No. 26-50076

———————

## In re YouTube LLC, Google LLC, and Alphabet, inc.,

Petitioners.

———————

The undersigned counsel of record certifies that the following additional persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made so that the judges of this Court may evaluate possible disqualification or recusal.

**Amicus Curiae:**
The State of Texas

**Counsel for Amicus Curiae:**
Ken Paxton
Brent Webster
William R. Peterson
Nathaniel A. Plemons

/s/ Nathaniel A. Plemons
Nathaniel A. Plemons
*Counsel for Amicus Curiae*

Out of an abundance of caution, proposed Amicus Curiae the State of Texas respectfully moves for leave to file an out-of-time amicus curiae brief in support of the Respondent. That amicus brief is appended to this motion as an exhibit. Fed. R. App. P. 29(a)(6). In support of this motion, the State would show as follows:

1. Petitioners—Google, LLC, Youtube, LLC, and Alphabet, Inc.—filed this petition on January 29, 2026. As a petition for writ of mandamus, it was not filed pursuant to a scheduling order or predicted timeframe. On February 6, 2026, this Court requested a response from Respondent Defense Distributed, which was filed on February 13, 2026. If the ordinary rule for timing of amicus briefs applies in the context of a petition for writ of mandamus, a brief supporting Respondent would have been due on February 20, 2026. Fed. R. App. P. 29(a)(6); *but see id.* 29(a)(1) ("This Rule 29(a) governs amicus filings during a court's initial consideration of *a case on the merits*." (emphasis added)).

2. This petition concerns the enforceability of state statutes, Tex. Civ. Prac. & Rem. Code §§ 143A.0035, 143A.003, an issue of significant interest to the State. But because the petition does not involve a challenge to their constitutionality, the State did not receive notice under Federal Rule of Civil Procedure 5.1 or Section 2403(b) of Title 28 of the United States Code. After reviewing the parties' briefing, including Respondent's request that this Court call for the views of the Texas Solicitor General, the State believes it would be beneficial to weigh in on the petition.

3. This Court denied Petitioners' motion for leave to file a reply, Dkt. 51, and filing an amicus brief on February 27—five business days after February 20—will not cause prejudice to any party different than a timely filed amicus brief.

4.	The State believes its amicus brief will be beneficial to the Court. The State has an interest in the outcome of this petition because it concerns rights "of the highest importance and interest to this state." Tex. Civ. Prac. & Rem. Code § 143A.003. And in addition to private litigants, the Attorney General has the right to bring actions to enforce the statutes in question. *Id.* § 143A.008. In the same way that federal law permits the State to be heard to defend the constitutionality of state statutes, the State seeks to be heard to defend the enforceability of its anti-forum selection provision.

5.	Respondent consents to the filing of this amicus brief. Petitioners oppose the filing of this amicus brief and intend to file an opposition.

## Conclusion and Prayer

For these reasons, the State respectfully requests that this Court grant this motion and order the Clerk to lodge the State's proposed amicus curiae brief on the docket.

Respectfully submitted.

Ken Paxton
Attorney General of Texas

William R. Peterson
Solicitor General

Brent Webster
First Assistant Attorney General

/s/ Nathaniel A. Plemons
Nathaniel A. Plemons
Assistant Solicitor General
Nathaniel.Plemons@oag.texas.gov

*Counsel for Amicus Curiae*

## Certificate of Conference

I hereby certify that I conferred with counsel for Petitioners and Respondent. Respondent consents to the filing of the State's proposed amicus brief. Petitioners oppose the filing of the State's proposed amicus brief and intend to file an opposition.

/s/ Nathaniel A. Plemons
NATHANIEL A. PLEMONS

## Certificate of Compliance

This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2) and because it contains 467 words, excluding the parts of the brief exempted by Rule 32(f) and Fifth Circuit Rule 32.2, according to the word count of Microsoft Word. This brief complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft 365 in 14-point Equity font.

/s/ Nathaniel A. Plemons
Nathaniel A. Plemons