No. 26-50076

# UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

IN RE YOUTUBE LLC, GOOGLE LLC, AND ALPHABET, INC.

*Petitioners.*

On Petition for Writ of Mandamus from the United States District Court
for the Western District of Texas (No. 1:25-cv-01095-ADA)

## OPPOSITION OF PETITIONERS TO THE STATE OF TEXAS'S MOTION FOR LEAVE TO FILE AMICUS BRIEF OUT OF TIME

Steven J. Wingard
Robyn Hargrove
Eli Barrish
SCOTT DOUGLASS & MCCONNICO LLP
303 Colorado Street, Suite 2400
Austin, TX 78701
(512) 495-6300

Jonathan Patchen
Michael A. Rome
Anika Holland
Madeleine R. Ahlers
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
(415) 693-2000
jpatchen@cooley.com

Connie L. Wang
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304
(650) 843-5000

*Counsel for Petitioners*
*YouTube LLC, Google LLC, and Alphabet, Inc.*

Petitioners oppose the State of Texas's Motion for Leave to file an untimely Amicus Brief in support of Respondent, Dkt. No. 54-1. The State seeks to file the brief two weeks after Respondent filed its opposition to the petition for mandamus. Dkt. No. 32. Because amicus briefs "must" be filed "no later than 7 days after the principal brief of the party being supported is filed," Fed. R. App. P. 29(a)(6), this Court may not accept the brief unless the State demonstrates "good cause," Fed. R. App. P. 26(b).[1] The Court's Internal Operating Procedures further emphasize that "motions for extension of time" may be filed "only in exceptional instances" and that it "generally will not permit . . . brief[s] fil[ed] 'out of time.'" *See* Fifth Circuit Rule 27, I.O.P., General Standards for Ruling on Motions. For at least two reasons, the State's motion does not satisfy these standards and should thus be denied.

*First*, the State fails to explain why there was "good cause" for taking double the amount of time prescribed. While this Court has previously permitted out-of-time briefs where technical errors caused a party to file a brief "only one day" late, *United States v. Myers*, 772 F.3d 213, 218 (5th Cir. 2014), no similar circumstances

---

[1] The State suggests that Rule 29(a)(6)'s time limit may not apply because a mandamus petition does not constitute "initial consideration of a case on the merits." Mot. ¶ 1 (emphasis omitted). But every mandamus petition asks the Court to consider the merits of an underlying legal issue; the first prong of mandamus review "is about the legal merits of a petitioner's claim" and the Court cannot grant relief unless the "merits of the claim" are "clear." *In re Parish*, 81 F.4th 403, 409 (5th Cir. 2023). The phrase "initial consideration" in Rule 29(a) simply refers to the panel's consideration of the merits in connection with its first ruling—prompted by a petition or an opening brief—as opposed to the panel's consideration of the merits "in connection with requests for panel rehearing and rehearing en banc." *See* Fed. R. App. P. 29 advisory committee's note to 2016 amendment.

exist here.  Nor can the State credibly claim that a lack of notice justifies its late filing.  On the contrary, Respondent's opposition included an extraordinary request for the Court to "call for the views of the Solicitor General of Texas."  Dkt. 32 at 38. The State should have responded to that notice by filing a brief, or at least an extension request, within seven days.  The State's only excuse for failing to do so is that "because the petition does not involve a challenge to the[] constitutionality" of a Texas law, it did not automatically receive notice.  Mot. ¶ 2.  But if that were a legitimate excuse, private parties—who never receive automatic notice of briefs— would always be able to file amicus briefs out of time.  But that is not the case.  Since the State has provided no plausible justification for failing to file on time, let alone for taking an *additional* seven days, its motion should be denied.

*Second*, the State fails to explain how its proposed amicus brief would materially aid the Court.  Good cause exists "when the value of the potential amicus brief justifies the inconvenience of requiring the judges to review a case multiple times."  *In re Halo Wireless, Inc.*, 684 F.3d 581, 596 (5th Cir. 2012) (citation omitted).  But here, the State's proposed brief "adds nothing to this appeal" because the State does not have "unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide."  *Id.* (citations omitted).  The petition indisputably presents a question of federal law.  *See* App.157 (Respondent admitting that "federal law governs the enforceability test").  The State

has no special expertise or interest in assessing whether a federal district court contravened U.S. Supreme Court precedent in deciding that federal question. The State's assertion that it will be affected by the court's ruling because it "has the right to bring actions to enforce the [state] statutes in question," Mot. ¶ 4, is a red herring because any hypothetical State enforcement action would not arise from its use of Respondents' services and thus would not be subject to the forum-selection clauses that apply to users of those services. And as both Respondent and the State have acknowledged, the petition does not challenge the constitutionality of Texas's anti-forum selection-clause provisions. Dkt. 32 at 39; Mot. ¶ 2; *cf.* Fed. R. App. P. 44(b). Indeed, while the State insists that the lack of automatic notice justifies its late filing, that absence actually reinforces that this is not a case in which the State has a special interest.

For these reasons, Petitioners oppose the State's motion for leave to file an amicus brief out of time. If, however, the Court were to grant leave, Petitioners are entitled to have the Court specify the time within which Petitioners may file an answer. *See* Fed. R. App. P. 29(a)(6) ("A court may grant leave for later filing, specifying the time within which an opposing party may answer."); *see also* Fed. R. App. P. 29(e) advisory committee's note to 1998 amendment (explaining that "when a court grants permission for later filing, the court must specify the period within which an opposing party may answer the arguments of the amicus."). Here, since

the State took fourteen days to file its motion for leave to file an amicus brief (rather than the seven days permitted by the Rules), Petitioners respectfully request not less than fourteen calendar days to file a response if the State's motion for leave is granted.

Dated:   March 1, 2026

Respectfully submitted,

*/s/ Jonathan Patchen*
Jonathan Patchen
Michael A. Rome
Anika Holland
Madeleine R. Ahlers
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
(415) 693-2000
jpatchen@cooley.com

Connie L. Wang
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304
(650) 843-5000

Steven J. Wingard
Robyn Hargrove
Eli Barrish
SCOTT DOUGLASS & MCCONNICO LLP
303 Colorado Street, Suite 2400
Austin, TX 78701
(512) 495-6300

*Counsel for Petitioners YouTube LLC, Google LLC, and Alphabet, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

*/s/ Jonathan Patchen*
Jonathan Patchen

# <u>CERTIFICATE OF COMPLIANCE</u>

I certify that:

1. This opposition complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2)(A) because it consists of 947 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f).

2. This opposition complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6), as incorporated by Federal Rule of Appellate Procedure 27(d)(1)(E), because it has been prepared in a proportionally spaced, serif typeface using Microsoft Word in 14-point Times New Roman font.

*/s/ Jonathan Patchen*
Jonathan Patchen
